"According to the principles to which we have alluded, the judgment in the joint action by the husband and wife against defendant, must be held to be conclusive in this action on every issue determined in that. It sufficiently appears from the record in that case, admitted in evidence, that the issues of negligence and contributory negligence were determined in favor of the plaintiffs. The injury to the wife, for which damages were claimed, was the same in both cases. The issues upon which the right to recover depended were exactly the same in both cases." 96 Mo. App. 171.

In the light of the principles and cases cited it will be seen that it was immaterial that the plaintiff in this case was a necessary party or was a party in interest in the said cases of María García and Sergio Brignoni, or that the plaintiffs in this suit and in the previous suits are identically the same. The defendant is the same in both suits and exactly the same question as to the negligence of the defendant is at issue in the previous cases and also in the present case. That question was decided in the first cases and the judgments whereby it was decided are conclusive upon and an estoppel against the defendant in this case.

For the foregoing reasons the judgment should have been affirmed.

---

Aguiló, Plaintiff and Appellee, v. Olivieri et al., Defendants and Appellants.

Appeal from the District Court of Ponce in an Action of Unlawful Detainer.—Motion for Dismissal.

No. 3382.—Decided July 29, 1924.

Appeal—Costs.—The court below permitted the defendant to plead *in forma pauperis* by filing an answer or entering appearance, but not as to further proceedings. Dismissal of the appeal was moved for, among other reasons, because the notice of appeal did not carry the corresponding internal revenue stamp for costs and the motion was sustained, citing the case of *Pas* v. *Bonet*, 30 P. R. R. 860.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellants.

*Mr. M. A. Rivera* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The court below rendered judgment sustaining the complaint in this action of unlawful detainer. The defendants appealed and the plaintiff-appellee moves for dismissal of the appeal on the grounds (1) that the defendants filed the notice of appeal without affixing to it the corresponding internal revenue stamp and (2) that the security given by the defendants for the purposes of the appeal was void and although the defendants were allowed a certain time within which to give new security, the court was without jurisdiction to allow it to be filed after the five days within which the appeal should have been perfected.

With regard to the first ground, the court below, ruling on a motion of insolvency made by the defendants, had entered the following order:

"The court, ruling on the motion, permits the parties to file their pleadings and answer in this action of unlawful detainer without paying the court fees, but states that inasmuch as this is conditional, only the said pleadings will be allowed to be so filed and no further pleadings will be so allowed, and in case the parties exercise their rights further, they will have to pay the corresponding fees."

The appellee then moved to strike out the notice of appeal on the ground that there had not been affixed to it the corresponding $5 stamp for the costs, but although the court below overruled the motion, it was then without jurisdiction to consider the appellee's motion or to modify its own order declaring the insolvency of the defendants conditionally.

The attorney for the appellants admits that the order of the court declaring the insolvency is obscure, yet it is sufficiently clear in so far as it limits the insolvency to the answer or pleadings filed by the defendants upon entering appearance and excluding all further action. Such being the case, the case of *Paz v. Bonet,* 31 P.R.R., 151, is entirely applicable. In that case the court said:

"When the corresponding internal revenue stamps required for the payment of costs in accordance with the Act regulating the collection of fees and costs in civil cases, approved March 11, 1915, are not affixed to a notice of appeal, the notice is null and void because this is an essential requisite for the perfection of the appeal; and if this requirement is not complied with before the expiration of the time allowed within which to appeal, the status of the case is as if no appeal had been taken in time."

It not being necessary to consider the second ground pleaded and the first one being sufficient to support the appellee's motion, the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.

---

PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROMÁN, DEFENDANT AND APPELLANT.

Appeal from the District Court of Arecibo in a Prosecution for Violation of the Volstead Act.

No. 2259.—Decided July 29, 1924.

PROHIBITION—INTOXICATING BEVERAGE—EVIDENCE.—The testimony of a witness to the effect that by the odor he knew that the bottles contained rum and that it was strong is sufficient to warrant the conclusion that it contained more than one-half of one per cent of alcohol per volume and, therefore, that it was an intoxicating beverage.

The facts are stated in the opinion.

*Mr. E. Martínez Avilés* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with and convicted of a violation of the National Prohibition Act by transporting in a sack upon his person four glass bottles containing rum, an intoxicating beverage with more than one-half of one per cent of alcohol, and although in this appeal he contends that he was not transporting the bottles of rum to which the complaint refers, but that they were being carried by another